IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Donna Farmer, *et al.*, | : | Case No. 1:04-CV-080 |
| | : | |
| Plaintiffs, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING DEFENDANT'S |
| | : | MOTION FOR RULE 11 SANCTIONS |
| City of Cincinnati, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before the Court on Defendant RCM Cincinnati Estates LLC's Motion for Rule 11 Sanctions (doc. 69.)

## I.   BACKGROUND

This suit arises from the closure of Huntington Meadows, formerly the City of Cincinnati's largest affordable housing complex, the eviction of the tenants therefrom, and the plans that resulted in the property being redeveloped as single-family housing. Plaintiffs' factual allegations were set forth in detail in the Court's Order Granting Motions to Dismiss and Ordering Additional Briefing on Motion to Dismiss ("Dismissal Order") (doc. 68) and will not be repeated here.

On February 3, 2004, Individual Plaintiffs and Plaintiff Budget Real Estate initiated this action against the City of Cincinnati. (Doc. 1.) Plaintiffs then filed an Amended Complaint (doc. 19) adding RCM Cincinnati Estates LLC ("RCM") as a defendant and a Motion for Temporary Restraining Order (doc. 18) on May 11, 2004. The TRO motion was denied by Judge James L. Graham in an Order (doc. 22) on May 13, 2004. Plaintiffs filed a Second Amended Complaint (doc. 37) on July 26, 2004.

1

RCM thereafter filed a Motion to Dismiss (doc. 46) which the Court granted in the Dismissal Order on September 28, 2006.

## II.  ANALYSIS

RCM seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Plaintiffs' counsel arising from their signature on the Second Amended Complaint and the Motion for Temporary Restraining Order.  Rule 11 states in relevant part as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ. P. 11(b).  The test for determining whether to award Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." International Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Aguirre, 410 F.3d 297, 304 (6th Cir. 2005).  If a federal court determines that a pleading has been signed in violation of Rule 11, the court must impose sanctions and the sanctions must be reasonable.  Bodenhamer Bldg. Corp. v. Architectural Research Corp., 989 F.2d 213, 217 (6th Cir. 1993).

Rule 11 sanctions are not intended to be imposed upon the filing of pleadings "based on evidence reasonably anticipated after further investigation or discovery."  Rotella v. Wood, 528

2

U.S. 549, 560 (2000) (citing Rule 11(b)(3)). Plaintiffs' attorney, Jennifer M. Kinsley, sets forth in her affidavit the extensive and time-consuming factual and legal research she conducted prior to filing the Second Amended Complaint. The Court and the parties are by now well-versed regarding the allegations stated against RCM and the other defendants in the Second Amended Complaint. It suffices here to state that the series of financial transactions regarding the disposition of the Huntington Meadows property reasonably might have been viewed as suspicious by an advocate for the Plaintiffs. That the Court determined to grant RCM's Rule 12(b)(6) dismissal motion does not mean that Rule 11 sanctions are warranted. "As a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint." Tahfs v. Proctor, 316 F.3d 584, 594 (6th Cir. 2003). Rule 11 is not intended to chill a plaintiff's attorney's enthusiasm or creativity in advocating for its client. Id. The Court finds that Plaintiffs' attorneys did not file the pleadings against RCM in violation of their Rule 11 duties. Sanctions, therefore, are not appropriate.

Even if the Court had determined that Rule 11 sanctions were appropriate, it could not award attorney fees based on the arguments and Declaration of Joseph L. Trauth, Jr. presented in conjunction with RCM's motion. Sanctions under Rule 11 do not have to be monetary and they must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R.Civ.P. 11(c)(2). The Sixth Circuit has cited with approval the following passage from 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 337, at 132-33 (1990):

3

> If sanctions are deemed appropriate, the court should indicate fairly precisely what conduct has been found to be improper and under which provision of law the sanctions are being awarded. In addition, and particularly when a substantial amount of money is involved, the district judge should state with some specificity the manner in which the sanction has been computed.

Elsman v. Standard Fed. Bank, 46 Fed Appx. 792, 801 (6th Cir. 2002). As such, a court cannot impose a financial sanction of attorneys' fees without first determining that the fees were incurred as a result of the opposing party's filing of an improper pleading. Bodenhamer Bldg. Corp., 989 F.2d at 218.

RCM's motion explicitly states that it seeks attorneys' fees arising from the filing of the Second Amended Complaint and the Motion for Temporary Restraining Order. However, it does not provide the Court with a sufficient evidentiary basis to conclude that the amount sought, $41,847.70, is a reasonable calculation. Joseph L. Trauth, Jr., in his Declaration, states only his hourly rate ($335-$345) and the hourly rate of Christy M. Nageleisen ($120-$140), Michael Scheier ($325-360), and Kenneth Kreider ($250),[1] all of the firm of Keating Meuthing & Klekamp. He does not identify how many hours each attorney worked or of what activities the work consisted. The Court can not determine on this limited basis that the hourly rates charged were reasonable or that the work performed was reasonable or related to the allegedly improper filings. Therefore, the Court could not award attorney's fees as a sanction even if Rule 11 had been violated.

---

[1] Kenneth Kreider has not entered a formal appearance in this matter.

4

### III. CONCLUSION

For the foregoing reasons, Defendant RCM Cincinnati Estates LLC's Motion for Rule 11 Sanctions (doc. 69) is **DENIED**.

IT IS SO ORDERED.

   s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge